UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Rosemary Eva Szczepanski

    v.                                            Civil No. 10-cv-571-SM

Michael J. Astrue, Commissioner,
Social Security Administration

**O R D E R**

Pursuant to 42 U.S.C. § 405(g), claimant Rosemary Eva Szczepanski appeals the final decision of the Social Security Administration ("SSA"), upholding the decision of the Administrative Law Judge ("ALJ"), denying her claim for disability benefits under Title II and Title XVI of the Social Security Act.  Because claimant is proceeding in forma pauperis, the complaint (doc. no. 1) is before me for preliminary review to determine whether it states any claim upon which relief might be granted.  See 28 U.S.C. § 1915(e)(2).

Standard of Review

Plaintiff initiated this action pro se, filing the complaint before counsel filed an appearance.  Counsel has not sought to amend the complaint filed by plaintiff pro se.  Under this Court's local rules, when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed

to conduct a preliminary review of the complaint.  See LR 4.3(d)(1)(B).  Pro se pleadings are construed liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Szczepanski suffers from a degenerative disc disease of her lumbar and cervical spine, and also suffers from obesity and a degenerative disease affecting her right knee.  Szczepanski has been disabled by these conditions since January 1, 2006.[1]

---

[1] In her complaint (doc. no. 1), Szczepanski alleges both January 1, 2006, and January 1, 2007, as the date of onset of her disability.  For convenience, I have listed the date as January 1, 2006.  The correct date is presumably set forth in the administrative record, which is not before me.

2

Szczepanski filed a claim for social security disability benefits on November 7, 2008, alleging a disability beginning January 1, 2006.  The ALJ issued an unfavorable decision on Szczepanski's claim on July 22, 2010.  The Decision Review Board accepted Szczepanski's claim for review, but failed to complete its review within 90 days.  Szczepanski received a letter thereafter, dated November 3, 2010, notifying her that the Board had failed to complete its review within 90 days, that the failure to complete the review rendered the ALJ's decision final, and that Szczepanski had 60 days to seek judicial review.

## Discussion

42 U.S.C. § 405(g) provides for judicial review of a decision of the SSA:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

Szczepanski has complied with the requirements of the statute that direct her to obtain a final decision from the Commissioner of the SSA before seeking judicial review, and to file a petition for judicial review within 60 days after receiving the notice of a final decision.  See id.; 20 C.F.R. § 405.420(a)(2)

(ALJ's decision becomes final decision of SSA if Decision Review Board does not complete its review within 90 days). Accordingly, I find that this matter is appropriately before this Court and may proceed at this time.

### Conclusion

I order that the complaint (doc. no. 1) be served upon defendant. See Fed. R. Civ. P. 4(c)(3). The Clerk's office is directed to issue to plaintiff's counsel for service upon defendant, in accordance with Fed. R. Civ. P. 4(i)(2), the completed summons forms in the record, a copy of the complaint (doc. no. 1), and a copy of this Order.

Defendant is instructed to answer or otherwise plead within 60 days of service, see Fed. R. Civ. P. 12(a)(2), and to file the certified administrative record, in accordance with 42 U.S.C. § 405(g) and LR 9.1.

The parties shall comply with all applicable rules thereafter, including LR 9.1, concerning social security cases filed in this court.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: January 5, 2011
cc: Raymond J. Kelly, Esq.

LBM:nmd